J. D. SMITH, *Appellant,* v. JOHN MILTON, JR., AS MAYOR, AND C. C. LIDDON, *et al.,* AS TOWN COUNCILMEN OF THE TOWN OF MARIANNA, AND F. G. MERRITT AS TOWN CLERK OF SAID TOWN, *Appellees.*

STATUTES—CONSTRUCTION OF—GENERAL LAW WHEN REPEALED BY SPECIAL ACT.

1. By the general act, Chapter 5465 Laws of 1905, all cities and towns in this State, not chartered by special act of the legislature are empowered to issue bonds for the purpose of erecting or repairing public buildings, or water works, or for widening or extending streets or parks, or for purchasing or establishing gas or electric light plants, or for any other municipal purpose, to an amount not to exceed ten per cent of the assessed value of all real and personal property within the corporate limits. By this general act the authority to issue bonds is a continuing power that keeps even pace with any increase from time to time in the accumulation of tax assessible property within the corporate limits, and is at all times limited to ten per cent of the assessed value of such property.

2. Chapter 5517 Laws of 1905, is a special act applicable alone to the town of Marianna, by which she, regardless of the assessed values of properties within her limits, was authorized to issue $25,000 of bonds in addition to $10,000 of bonds then already issued. The record showing that this special authorization exceeded ten per cent of the then assessed value of properties in such town, and no continuing power being granted to said town by said special act, *Held*: That its sole purpose was for the time being and to the extent limited by said act to take said town out of the limitation in the general act, Chapter 5465, which confined her bond issues to ten per centum of the assessed value of the properties within her corporate limits. *Held*, further, that there is no such repugnancy or inconsistency between these two acts as that they cannot both stand together. The special act supplies an emergency only and after such emergency is met such special act becomes *functus officio*, but the provisions of the general act go on forever, or until repealed or amended by the lawmaking power.

This case was decided by Division B.

Appeal from the Circuit Court for Jackson County.

### Statement.

The appellant as complainant below filed his bill against the appellees as defendants below in the Circuit Court of Jackson County; said bill alleges as follows:

"J. D. Smith, a citizen and resident and taxpayer of Marianna, Jackson County, Florida, as complainant, brings this his bill of complaint against John Milton, Jr., as Mayor of the Town of Marianna, C. C. Liddon, as President of the Town Council of the Town of Marianna, and W. J. Daniel, W. A. McRae, J. W. Russ and J. R. Conely, as Members of the Town Council of the Town of Marianna, and F. G. Merritt, as Town Clerk of the Town of Marianna, and thereupon the complainant alleges,—

That he resides in the Town of Marianna, Jackson County, Florida, and owns real and personal property in the said town, and has resided in said town for many years, and pays taxes to said town upon his real and personal property therein situate.

That the said Town of Marianna is a duly and legally incorporated town, incorporated under the general laws of the State of Florida, and the said incorporation was ratified and confirmed and legalized by special act of the Legislature of Florida in the session of 1883.

That John Milton Jr., is the Mayor of said town, C. C. Liddon is the President of the Town Council of said town, and W. J. Daniel, W. A. McRae, J. W. Russ and J. R. Conely are the other members of the said Town Council, and F. G. Merritt is the Town Clerk of the said town. That by ordinance there are only five members of the Town Council of said town, one of whom shall be the president.

Complainant alleges that the said Town of Marianna, Jackson County, Florida, has a system of water works and an electric light plant, both being owned and operated by said town; that in the year 1899 the said Town of Marianna, under authority of law and by vote of the tax payers, issued ten thousand dollars of twenty year six per cent municipal bonds for the construction of the water works.

That in the year 1908, under authority of law and a special act of the legislature of Florida of 1905, same being Chapter 5517 Laws of Florida, the said Town of Marianna issued $25,000.00 more of twenty year six per cent municipal bonds for municipal purposes, which $25,000.00 of municipal bonds were in addition to the $10,000.00 bond issue of the year 1899, all of which bonds have been issued according to law prior to the year 1909.

and are outstanding liabilities of the said Town of Marianna, amounting to thirty-five thousand dollars in the aggregate.

That on December 21st, 1909, the Mayor and Town Council of the Town of Marianna called an election to submit to the qualified electors of said town the question of whether ten thousand dollars more of municipal bonds should be issued for municipal purposes, and such election was duly held, and a large majority of the votes cast were in favor of the issue of such additional ten thousand dollar bond issue, and voted for said ten thousand dollars of bonds, which were five per cent twenty year bonds, five thousand of which was to be used for boring an artesian well, and consolidating the electric light and water plants, purchasing new and larger machinery for the water works, and building a new reservoir, and the other five thousand dollars of such bonds were to be used in liquidating outstanding indebtedness of the said town, other than the bonded indebtedness.

That on the 12th day of November, A. D. 1909, the said Town Council of the Town of Marianna passed an ordinance providing for the said ten thousand dollar bond issue for municipal purposes, a copy of which ordinance is hereto attached marked Exhibit A and is made and prayed to be taken as a part of this bill of complaint. Said ordinance was approved by the said John Milton, Jr., as Mayor of the said Town of Marianna; that on the same date November 12th, 1909, the said Town Council called the said special election to be held on December 21st, 1909, a copy of which said call is hereto attached marked Exhibit B and is made and prayed to be taken as a part of this bill of complaint. On December 23rd, 1909, the said Town Council met and canvassed the returns of the said election of December 21st, 1909, and

declared the result to be in favor of the said bond issue, and then declared that the said bonds shall accordingly issue.

Complainant alleges that the said John Milton, Jr., as Mayor of said town, C. C. Liddon as President of the Town Council, W. J. Daniel, W. A. McRae, J. W. Russ and J. R. Conely, as Members of the Council, and F. G. Merritt as Town Clerk, are preparing to issue and float the said ten thousand dollar bond issue provided for in said ordinance of Nov. 12th, 1909, and have advertised same for sale, and are negotiating with persons who are contemplating purchasing same, and openly state that they are preparing to issue and sell the said ten thousand dollars of municipal bonds, and unless enjoined by this Honorable Court they will issue the said bonds of innocent purchasers then they will become binding obligations against the said Town of Marianna, although illegally issued.

Complainant further alleges that the said ten thousand dollar municipal bond issue provided for in the said Town Ordinance of November 12th, 1909, and voted upon December 12th, 1909, is illegal and unauthorized, and complainant is informed and believes that the said Town Council had no authority to pass the said ordinance of November 12th, 1909, or to call the said special election of December 21st, 1909, to obtain a vote on the question of issuing said bonds, and the said Town Council now has no legal authority to issue and sell the said ten thousand dollars of bonds, for the reason that complainant is informed and believes that the Legislature of 1905 limited the amount of bonds that could be lawfully issued by the said Town of Marianna to the amount of $35,000.00 in toto, by passing an act, Chapter 5517 Laws of Florida authorizing the issue of $25,000.00 of municipal bonds for

said town, which $25,000.00 was to be in addition to the issue of ten thousand dollars of bonds issued in 1899 which $25,000.00 of bonds issued prior to 1909, and complainant is informed and believes that in and by the said act of the Legislature the town was limited to the bonds therein mentioned, and has no authority to issue other bonds; and the attempt to issue this last ten thousand dollars of municipal bonds provided for in the said ordinance of November 12th, is illegal and unauthorized and in violation of the said act, Chapter 5517 Laws of Florida, a copy of which said special act, Chapter 5517 Laws of Florida, is hereto attached marked Exhibit C and is made and prayed to be taken as a part of this bill of complaint.

Complainant alleges that he is without remedy at law to prevent the said illegal issue of the said municipal bonds.

To the end, therefore, that the said defendants may, if they can, show cause why the relief herein prayed should not be granted, and may upon their several and respective corporal oaths, and to the best and utmost of their several and respective knowledge, rememberance, information and belief, full, true, direct and perfect answers make to the premises herein.

In view of the premises may it please your Honor to grant unto your complainant herein an order enjoining and restraining the said John Milton, Jr., as Mayor, C. C. Liddon as President of the Town Council, W. J. Daniel, W. A. McRae, J. W. Russ and J. R. Conely, Members of the Town Council, until the further order of this court, from issuing the said ten thousand dollar six per cent twenty year municipal bonds of the Town of Marianna provided for in the said ordinance of November 12th, 1909, and that upon final hearing this injunction be made perpetual.

May it further please your Honor to grant unto your complainant such other and further relief in the premises as the nature of this case may require, and as unto your Honor shall seem agreeable to equity and good conscience.

May it further please your Honor to grant unto your complainant the State's most gracious writ of subpœna to be directed to the said defendants, John Milton, Jr., as Mayor, C. C. Liddon, as President of the Town Council, W. J. Daniel, W. A. McRae, J. W. Russ and J. R. Conely, as Members of the Town Council, and F. G. Merritt as Town Clerk, to be made returnable according to law and the rules of practice of this Honorable Court. C. L. Wilson, Solicitor for Complainant.

State of Florida, Jackson. County:

Before the subscriber personally came · J. D. Smith, who upon being duly sworn says that the allegations of the foregoing bill are true, except as to those matters stated upon information and belief, and those he believes to be true.

                                        J. D. Smith.

Sworn to and subscribed before me this 15th day of October, A. D. 1910.

(Official seal)          W. A. McRae, Clerk Ct. Court.


Exhibit 'A'.


Ordinance:

An ordinance providing for the issue of bonds for the Town of Marianna for the purpose of boring an artesian well, consolidating the Electric Light and Water Works Plant, installing new and larger machinery for the Water Works Plant, the erection of a new reservoir, and liquidating the outstanding indebtedness of the town.

Be it ordained by the Mayor and Town Council of the Town of Marianna:

Sec. 1. That the Mayor and Town Council of the Town of Marianna in their corporate capacity shall issue municipal bonds of the Town of Marianna for the sum of ten thousand dollars for the following municipal purposes, viz: $5,000.00 of said bonds shall be issued for the purpose of boring an artesian well, consolidating the Electric Light and Water Works Plants, installing new and larger machinery for the Water Works Plant, the building of a new reservoir; and $5,000.00 for liquidating the outstanding indebtedness of the town. Ten bonds shall be issued in the denomination of One thousand dollars each, bearing interest at the rate of five per cent per annum, interest payable semi-annually, and such bonds shall mature and become payable twenty years from date of their issue. Said bonds shall be signed by the Mayor, countersigned by the President of the Council, and attested by the Town Clerk.

Sec. 2. Said bonds may be issued negotiable and sold all at one time, or from time to time as the funds may be needed for the purposes mentioned in section one.

Sec. 3. The Town Council shall levy annually such special tax on the taxable property within the corporate limits of the town as may be necessary to pay the interest on said bonds.

Sec. 4. No bonds shall issue under this ordinance until the question of such bond issue shall be decided in favor of issuing bonds by a majority of the votes cast at an election to be called for that purpose, at which election all qualified electors of the Town of Marianna, then residing therein, who are free holders, owning real estate in said town, shall be allowed to vote.

Sec. 5. This ordinance shall go into effect immediately upon the passage and approval of the Mayor.

Passed in open session this 12th day of November, A. D. 1909.

C. C. Liddon, Pres. Council.

Attest: F. G. Merritt, Clerk.

This Ordinance is approved this 12th day of November, 1909.

Jno. Milton, Jr., Mayor.

Exhibit 'B'.

Notice of Special Election:

Be it Resolved by the Town Council of the Town of Marianna, in open session, this the 12th day of November, A. D. 1909, as follows, to-wit:

1st. That the said Town Council deem it expedient to issue bonds of the Town of Marianna, for the purpose of boring an artesian well, consolidating the Electric Light and Water Works Plant, installing new and larger machinery for the water works plant, the building of a new reservoir and for liquidating the outstanding indebtedness of the town.

2nd. That bonds to the amount of ten thousand dollars are required for such purpose; $5,000.00 for the purpose of boring an artesian well, consolidating the electric light and water works plant, installing new and larger machinery for the water works plant and the building of a new reservoir; $5,000.00 for liquidating the outstanding indebtedness of the town. Which bonds shall bear interest at the rate of five per cent per annum from their date payable semi-annually at the office of the town treasurer, the principal of said bonds shall be payable twenty years from the date of their issuance at the office of the

48 Vol. 61

Town Treasurer of the Town of Marianna and the said bonds to be issued for such purpose be for the sum of $1,000.00.

3rd.   Be it further resolved that the question whether such bonds shall be issued for the above named purposes shall be submitted to the legal voters of said Town of Marianna, at an election hereby ordered and called to be held on the 21st day of December, 1909, said election to be held at the Council room in said Town of Marianna, and that this resolution and notice of said election be published as required by law in the Times-Courier of the Town of Marianna.

4th.   That the following named persons be and they are hereby appointed inspectors and clerk of said election to be held as aforesaid at the Council room of said town of Marianna: W. T. Harris, F. M. Staley, J. H. Callaway, Inspectors; M. B. May, Clerk.

The polls will be open from 9 o'clock A. M. until 5 o'clock P. M.

5th.   That the Clerk of the Town Council cause ballots to be prepared for the use in said election in the form required by law, and that he cause such ballots and ballot box to be at the polling place in said town at the opening of the polls on the day of said election herein above called and ordered to be holden.

By order of the Town Council, in open session, this the 12th day of November, 1909.

C. C. Liddon, President Council.<br>
Attest:   F. G. Merritt, Clerk.

## Chapter 5517.

An Act to authorize the Town of Marianna to issue bonds for Municipal Purposes, and to Provide for the Payment of Interest thereon.

Be it enacted by the Legislature of the State of Florida:

Section 1. That the Mayor and Town Council of the Town of Marianna in their corporate capacity are hereby authorized to issue from time to time bonds of said town of such denomination, and bearing such rate of interest, not to exceed six per cent per annum and upon such terms and conditions as may by ordinance be determined to an amount not to exceed $25000.00 (which twenty-five thousand dollars of bonds shall be in addition to the ten thousand dollars of bonds of said town already issued and outstaning) which said bonds to be issued shall be signed by the Mayor, countersigned by the President of the Town Council, and attested by the Clerk, and shall be payable at such time as the Town Council by ordinance shall provide; and bonds to be used to build, install, construct and maintain an electric lighting plant, and electric lights to be owned by the Town of Marianna, and to erect a public school building for said town of Marianna, and for such other municipal purposes as the Town Council of said Town of Marianna may by ordinance designate, and which shall be approved by a majority of the votes cast at an election to be held for the purpose in the manner provided for in section 2 of this act. The entire taxable poperty of said town shall be pledged for the payment of the said bonds and the interest thereon.

Sec. 2. That before the issue of the bonds herein, authorized shall be made, the issue of the bonds then proposed to be issued shall be provided for by ordinance, expressing the purpose and approximately the amount for each purpose for which said issue of bonds are to be used, and upon the passage of such ordinance the Town Council shall call an election. at which election all qualified voters of said town then residing therein who are free holders owning real estate in the said town shall be allowed to

vote, and if a majority of the votes cast at such election are in favor of the issue of bonds, then the bonds shall issue as provided for herein.

Sec. 3. The Town Council of the Town of Marianna shall levy annually such special tax on the taxable property within the corporate limits of said town as may be necessary to pay interest in said bonds.

Sec. 4. When it has been determined by an election held for that purpose as herein provided to issue bonds, such bonds may be issued from time to time in such denominations as the Mayor and Town Council may by ordinance provide.

Sec. 5. This act shall take effect immediately upon its passage and approval by the Governor.

Approved May 31st, 1905."

The defendants answered the bill as follows:

"1. That they admit that the complainant is of age and is a citizen and resident of the Town of Marianna, Jackson County, Florida, and has resided in said town for many years, and pays taxes to said town upon his property real and personal therein situate.

2. Defendants admit that the Town of Marianna is a duly and legally incorporated town under the General Laws of the State of Florida, and that the said incorporation was ratified and confirmed and legalized by special act of the Legislature of Florida in the Session of 1883.

3. Defendants admit that they are the Mayor, Town Council and Clerk of the Town of Marianna as alleged and that there are only five members of the Town Council of Marianna, one of whom is President under the ordinances and laws governing said town, and that the names and offices of the defendants are correctly alleged in said bill, and that all parties to this bill are of age.

4. Defendants admit that the said Town of Marianna,

Jackson County, State of Florida, has a system of water works and an electric light plant, both of which are owned and operated by the said town. And that in the year 1899 the said Town of Marianna under authority of law and by vote of the tax payers, issued ten thousand dollars of twenty year six per cent municipal bonds for the construction of the water works.

5. Defendants admit that in the year 1906, under authority of law and a special act of the Legislature of the State of Florida of 1905, same being Chapter 5517 Laws of Florida, the said Town of Marianna issued $25,000.00 more of twenty year five per cent municipal bonds for municipal purposes, which $25,000.00 of municipal bonds were in addition to the $10,000.00 bond issue of the year 1899, all of which bonds have been issued according to law prior to the year 1909, and are outstanding liabilities of the said Town of Marianna, amounting to thirty-five thousand dollars in the aggregate.

6. Defendants admit that on December 21st, 1909, the Mayor and Town Council called an election to submit to the qualified electors of said town, qualified to vote on a bond issue under the law, the question whether ten thousand dollars more of municipal bonds should be issued for municipal purposes, and such election was duly held, and a large majority of the votes cast, (to-wit: sixty votes for, to one vote against the bond issue) were in favor of the issue of such additional bond issue, and voted for said ten thousand dollars of bonds which were five per cent, twenty year bonds, five thousand of which was to be used for boring an artesian well and consolidating the electric light and water works plants, purchasing new and larger machinery for the water works, and building a new reservoir, and the other five thousand dollars to

be used in liquidating outstanding indebtedness of the said town, other than the bonded indebtedness.

7.   Defendants admit that on the 12th day of November, A. D. 1909, the said Town Council of the Town of Marianna passed an ordinance providing for the said ten thousand dollar bond issue for municipal purposes, and that Exhibit 'A' to the bill is a copy thereof.   That said ordinance was duly approved by the said defendant John Milton, Jr., as Mayor of the said town of Marianna, and on the same date the said Town Council called the said special election to be held on December 21st, 1909, a copy of which call is attached to said bill as Exhibit 'B' and was duly published as required by law and the ordinances of said Town of Marianna.   And that on the 23rd day of December, A. D. 1909, the said Town Council met and duly canvassed the returns of said election of December 21st, 1909, and declared the result to be in favor of said bond issue, 'it appearing that a large majority of the legal votes cast at said election, and that such majority was more than two-thirds of the votes actually cast at said election, were in favor of such bond issue, it was declared by the Council that said bonds shall issue.'

8.   These defendants admit that they as officers of said Town of Marianna, as alleged in said bill are preparing to issue and float the said ten thousand dollar bond issue provided for in said ordinance of November 12th, 1909, and advertised same for sale, and are negotiating with persons who are contemplating purchasing same, and admit that these defendants openly state that they are preparing to issue and sell the said ten thousand dollars of municipal bonds, and have progressed so far that unless restrained by this Honorable Court they will issue the said bonds; and defendants admit that such bonds so issued will be valid and binding upon the said town of

Marianna, but affirm that the said issue is regular in every respect, and that the law and the ordinances of said Town of Marianna have been fully complied with in all the proceedings relative to said bond issue.

9. These defendants deny the allegations of the bill that the ten thousand dollars municipal bond issue provided for in the said town ordinance of November 12th, 1909, and voted upon on November 21st, 1909, is illegal and unauthorized, and deny that the said town had no authority to pass said ordinance of November 21st, 1909, to obtain a vote on the question of issuing said bonds, and deny that the said town council has no authority to issue and sell the ten thousand dollars of bonds, but aver the contrary that the said Town of Marianna and these defendants are proceeding in all respects according to law and to the ordinances of the said Town of Marianna in said Bond Issue.

10. These defendants admit the existence of the Special Act, Chapter 5517, Laws of Florida, and allege that it was approved on the 31st day of May, 1905, and that a copy of same is to said bill of complaint attached marked Exhibit 'C'; but these defendants deny that said Special Act limits the amount of bonds that can be issued by the said Town of Marianna under the general law of Florida, or robs the said town of the benefit of the general law of Florida, Chapter 5465, approved May 19, 1905, which allows said town to bond 'to amount not to exceed ten (10%) per cent of the assessed value of the real and personal property within its incorporated limits,' including existing bonded indebtedness. And deny that the limit of the bonded indebtedness of said town is fixed at $35,000.00, and respectfully show that the assessed value of the real and personal property within the incorporated

limits of the Town of Marianna is for the year A. D. 1909, the sum of $529,738.98, and was for the year 1908, the sum of $492,104.00, ten per cent of which would exceed the aggregate bonded indebtedness of the town with the proposed $10,000.00 sought to be restrained included. And these defendants are advised and believe that the said Special Act takes effect for the purposes for which it was enacted which purposes have been fully carried out in the bond issue of $25,000.00 for Electric Light Plant, etc., and does not limit the powers of the said town under the general laws of the State of Florida. That neither law repeals the other, but both stand—the Special for the special issue, and the General Law for all issued which the growth of the town may demand. In connection herewith these defendants respectfully show unto the court that these bond issues are co-incident with all era or rapid growth in prosperity and wealth of said Town of Marianna in its emergence from being an out-of-date, unsanitary, unlighted village into an up-to-date, progressive town. Within this period the valuation of said town property has more than doubled and its population and enterprise likewise increased. That the Tax Books of said Town of Marianna show the aggregate valuation of real and personal property within the incorporated limits of said town to be as follows:

```
For the year 1899............$225,382.97
For the year 1900............$238,709.39
For the year 1901............$253,993.39
For the year 1902............$265,656.45
For the year 1903............$300,692.97
For the year 1904............$304,561.00
For the year 1905............$341,296.75
For the year 1906............$372,300.00
```

For the year 1907............$469,949.00
For the year 1908............$492,104.00
For the year 1909............$529,738.98

These defendants respectfully suggest that each bond issue has given forward impetus to the town, and that results indicate a wise expenditure of the money received for bonds. These defendants call especial attention to the valuation of 1905, the year when the special act was passed, which lacked less than $9,000.00 of being the $350,-000.00 valuation necessary to authorize the desired bonded indebtedness of $35,000.00 under the General Law. And defendants also call attention to the fact that the tax valuation of the year 1906, the governing valuation when the $25,000.00 bonds issued, was more than $22,-000.00 in excess of the amount necessary to authorize $35,000.00 in bonds under the general law of Florida. But at the time the special act was passed the valuation controlling was not sufficient under the general law to authorize the issue desired. Defendants therefore allege, upon their information and belief that the said special act was passed to authorize an issue of bonds slightly in excess of the ten per cent upon valuation, authorized by the general law which at the same session of the legislature had been amended increasing the per cent from five to ten per cent of valuation, and for certain special purposes for which legislative recognition may have been desired, and not as a repeal of the general law, nor as a shackle upon the town for all time. And these defendants are advised, and so aver, that the Town of Marianna has not sold its birthright under the general law for the mess of pottage furnished by the special act.

11. These defendants further show that they have followed the general laws of Florida, and the ordinances

and charter of said town of Marianna fully in all matters and in all details touching the present $10,000.00 bond issue, and that the money realized from such bonds will be applied for the municipal purposes named in the ordinance and call of election and that they are advised and believe that in all respects such bond issue is regular and legal, and well within the amount for which the said Town is authorized to issue bonds.

12. These defendants further answering, by the way of demurrer, say that the said complainant hath not in and by his said bill made or stated such a case as doth or ought to entitle him to any discovery from these defendants, or to any relief; and further submit to the court the interpretation of the law and the special statute in said bill set forth. And defendants pray the benefit of this demurrer as fully as though more formally pleaded."

Upon the filing of this answer the parties by their respective solicitors set the cause down for final hearing by the following stipulation and agreement: "We as solicitors for the respective parties to this cause hereby agree that this cause be set down for hearing before the Hon. J. Emmet Wolfe, Judge of this court on this 21st day of October, A. D. 1910, upon the bill of complaint and exhibits thereto and the answer of the defendants, and agree that each side has presented its entire case in the bill, exhibits and answer, and we waive formal setting down of hearing."

At the hearing the judge below made the following decree: "This cause coming on to be heard before me this day upon the bill of complaint and the sworn answer of the defendants, the complainant asking for an junction, and it appearing that all parties hereto have had due and legal notice of this hearing and are represented by coun-

sel thereat, after argument of counsel for the respective parties, complainant and defendants, the court, after consideration thereof being advised of its opinion, and being satisfied that the equities are with the defendants, and that the complainant is not entitled to the injunction and relief prayed, it is ordered, adjudged and decreed, that the injunction sought by the complainant be and the same is hereby denied. And the complainant not desiring to amend his bill of complaint, and admitting that the full case is before the court, the court holds that the $10,000.00 bond issue of the Town of Marianna, Florida, sought to be enjoined, is made under due authority of law, and is regular, legal and valid; it is, therefore, further ordered, adjudged and decreed that complainant's said bill of complaint be, and the same is hereby, dismissed at complainant's cost, to be taxed by the Clerk of the Circuit Court of Jackson County, Florida."

For review of this decree the complainant below brings the case here by appeal.

*C. L. Wilson,* for Appellant;

*W. B. Farley,* for Appellees.

TAYLOR, J., (*after stating the facts.*)—The sole question presented by this appeal is whether the general act, Chapter 5465 approved May 19th, 1905, is, so far as the town of Marianna is concerned, superseded or repealed by Chapter 5517 approved May 31st, 1905. By the general act, Chapter 5465, all cities and towns in the State, not chartered by special act of the Legislature, are empowered to issue bonds for the purpose of erecting or repairing public buildings, or water works, or for widening or extending streets or parks, or for purchasing or establishing gas or electric light plants for the city or town,

or for any other municipal purpose, to an amount not to exceed ten per cent of the assessed value of all real and personal property within the corporate limits. By this general act the authority to issue bonds is a continuing power that keeps even pace with any increase from time to time in the accumulation of tax assessible property within the corporate limits, and is at all times limited to ten per cent of the assessed value of such property. Chapter 5517, on the other hand is a special act applicable alone to the town of Marianna, by which special act said town is authorized to issue, regardless of the assessed values of property in such town, bonds to the extent of $25,000 in addition to $10,000 of bonds already issued by such town. The record before us shows that at the time of the passage of this special act in 1905, the special issue of $25,000 of bonds thereby authorized when added to the $10,000 of bonds already before that time issued by said town, exceeded the ten per cent limitation of the general act, Chapter 5465, on the assessed value at that time of properties in said town. Hence the necessity for such special authorization. There is no continuing power under this special act granted to said town, but its sole purpose was for the time being and to the extent limited by said act to take the town out of the limitation in the general act which confined her bond issues to ten per centum of the assessed value of the properties within her corporate limits. There is no repealing clause to this special act. The invariable rule of construction in respect to the repealing of statutes by implication, is, that the earliest act remains in force unless the two are manifestly inconsistent with and repugnant to each other. Mitchell v. Duncan, 7 Fla. 13; State v. Southern Land & Timber Co., 45 Fla. 374, 33 South. Rep. 999. There is no such repugnancy between these two pieces of legisla-

tion as that they cannot stand together. By the special act the legislature says in effect: We recognize the limitation put by the general law upon towns generally confining them for all time to come in the issue of bonds to ten per centum of their assessed values, but in so far as the town of Marianna is concerned we recognize the fact that at this particular time she needs $25,000 which in addition to her bonds already outstanding will exceed the ten per cent limitation on her assessed values at this time, and she is, therefore, hereby authorized at this time to exceed to the extent of such $25,000 such limitation of ten per cent contained in the general law. The special act supplies an emergency only, and after such emergency is met such special act becomes *functus officio*—but the provisions of the general act go on forever, or until repealed or amended by the law making power. It now appears from the record before us that there has been a steady increase in the assessed values of properties in said town of Marianna to such an extent as that the present proposed issue of $10,000 of bonds in addition to the $35,000 heretofore issued will not exceed ten per centum of the last assessed values of property in such town.

The town of Marianna was incorporated under the general law for the incorporation of cities and towns, and not by a special legislative act, and, therefore, comes within the provisions of said general act, Chapter 5465 laws of 1905.

The decree of the court below in said cause is hereby affirmed at the cost of the appellant.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.